**Mearl Dean BOWMAN and Wanda Bowman, Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 92–CV–0153–J.**

United States District Court, D. Wyoming.

April 5, 1993.

George Santini, Graves, Santini & Villemez, Cheyenne, WY, for plaintiffs.

Carol A. Statkus, Asst. U.S. Atty., U.S. Attorney's Office, Cheyenne, WY, for U.S.

Michael B. Rosenthal, Hathaway, Speight, Kunz & Trautwein, Cheyenne, WY, for William J. Kennison and Daniel Fansler.

### AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

This matter comes before the Court on the United State's motion to dismiss or, in the alternative, motion for summary judgment. A hearing was held on January 27, 1993. George Santini appeared as counsel for the plaintiffs and Carol Statkus appeared as counsel for the United States. The Court having considered arguments of counsel, materials both in support of and against the motion, and being fully advised in the premises finds and orders as follows.

### BACKGROUND

This action is brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, *et seq.* It arises out of an incident whereby plaintiff Mearl Dean Bowman was injured while working for his employer John

Bowman, Inc.,[1] on a military housing repair project at F.E. Warren Air Force Base ("Base").

John Bowman, Inc., entered into a contract with the Air Force to repair and restore a number of porches on houses located on the Base. The Air Force regularly inspected the Bowman, Inc., job sites for compliance with the contract provisions.

Mearl Dean Bowman was a member of a carpentry crew employed by John Bowman, Inc., at the Base. While the plaintiff was attempting to bevel a board on a table saw that lacked a safety guard, the plaintiff's right hand became caught in the saw blade. Plaintiff Mearl Dean Bowman seeks damages for the injury to his right hand and Wanda Bowman seeks damages for loss of consortium.

The plaintiffs filed an amended complaint naming two supervisory co-employees as additional defendants.

The United States contends that it is entitled to dismissal for lack subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The crux of the government's motion is that the United States cannot be held vicariously liable under *respondeat superior* theory for the acts or omissions, if any, of John Bowman, Inc., as an independent contractor. Additionally, the United States claims that it owed no individual duty to the plaintiff as an employee of an independent contractor.

## STANDARD OF REVIEW

■ Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party's burden may be met by identifying those portions of the record dem-

onstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether these burdens have been met, the court is required to examine all evidence in the light most favorable to the non-moving party. *Barber v. General Electric Co.*, 648 F.2d 1272 (10th Cir.1981).

Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. That party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Manders v. Oklahoma ex rel. Dept. of Mental Health*, 875 F.2d 263, 265 (10th Cir.1989) citing *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554.

## DISCUSSION

■ In order to determine the nature of the relationship between the United States and Mearl D. Bowman the Court must first turn to the contract between the government and Bowman, Inc., and apply principles of contract interpretation to determine the meaning of its language. The interpretation of an unambiguous contract presents simply a question of law for the Court, and disposition of disputes relating to such a contract may be properly accomplished by summary judgment. *Continental Ins. v. Page Engineering Co.*, 783 P.2d 641 (Wyo.1989). If the contract is in writing and the language is unambiguous, the intention of the parties is to be ascertained from the words of the contract considering the contract as a whole, with each part being read in light of all the other parts. *Busch Development, Inc. v. City of Cheyenne*, 645 P.2d 65, 71 (Wyo. 1982).

■ The contract between Bowman, Inc., and the United States establishes that the company was an independent contractor. The contract was entered into for the purpose of procuring Bowman, Inc., to repair and restore porches attached to selected historical residences on the Base. The work of Bowman, Inc., under the contract was to

---

1. The plaintiffs share no familial relationship with John Bowman, Inc.

consist "of furnishing all plant, labor, equipment, tools, materials, and in performing all operations necessary to repair" the housing units. *See* Contract, attachment A to United State's memorandum in support of its motions. The clear language of the contract establishes that Bowman, Inc., was an independent contractor.

The United States cites this Court's order in *Shields v. United States of America,* Docket No. C87–0370–B, for the proposition that the United States is not liable for on-the-job injuries sustained by an independent contractor's employee. We agree that the analysis in *Shields* is applicable to the present case.

■■■ Under the FTCA, the United States is not liable for the negligence of its contractor or its contractor's employees. The Act applies only to acts or omissions of government employees. 28 U.S.C. §§ 1346(b), 2671. The consent to be sued under the FTCA does not extend to acts of independent contractors or their employees. *Bird v. U.S.,* 949 F.2d 1079, 1081 (10th Cir. 1991). A critical determination in distinguishing a federal employee from an independent contractor is the power of the United States to control the detailed physical performance of the contractor. *Lilly v. Fieldstone,* 876 F.2d 857, 858–59 (10th Cir. 1989).

The following factors are considered important in establishing liability, or lack thereof, on the part of the government:

(1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Lilly,* 876 F.2d at 859 (citing *Norton v. Murphy,* 661 F.2d 882 (10th Cir.1981)). Under our review of all of the factors of this case, we find that Bowman, Inc., was an independent contractor. The contract evidences that the intent of the parties was to create an independent contractor relationship in that Bowman, Inc., obligated itself to perform all operations necessary to repair the housing units under the language of the contract. *Supra.*

Although the Air Force did have a construction inspector inspect the contractor's work progress, this inspection was not a means to control the manner and method of reaching the result, but instead was only an attempt to control the end result that it had contracted and paid for. *See* Hansen Affidavit, paragraph 9.

It is also apparent from the record that Bowman, Inc., used its own equipment, including the table saw in question, and not the Air Force's equipment in carrying out its duties under the contract.

As in the *Shields* case, in the present case the United States did not hire, train or supervise the contractor's employees. Similarly, because Bowman, Inc., was an independent contractor, the United States cannot be held liable for the injury that occurred to the plaintiff.

■■■ Additionally, under Wyoming law the United States owed no legal duty to Mearl D. Bowman and, therefore, his claim against the government fails as a matter of law. Under Wyoming law an owner is not obligated to protect an independent contractor's employees from hazards incidental to the work the contractor was hired to perform, except where the owner retains control over the hazard causing the harm. *Jones v. Chevron,* 718 P.2d 890 (Wyo.1986). The owner may be held liable if it retains the right to direct the manner of performance or assumes affirmative safety duties. *Id.* at 896.

The Air Force did have a construction inspector inspect the contractor's work progress to monitor contract compliance; however, that inspection does not constitute the right to direct the manner of performance for purposes of applying the *Jones v. Chevron* control test. Moreover, the United States did not assume affirmative safety duties within the meaning of the *Jones v. Chevron* control test.

The U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM385–1–1, which is incorporated into the contract, provides in pertinent part:

Section 01.A.02 The employer shall be responsible for initiating and maintaining a safety and health program which will comply with the Corps of Engineers' Safety and Health Requirements.

01.A.04 The contractor's safety plan shall provide for safety inspections of the work sites, material and equipment by competent persons.

01.A.07 Each individual employee is responsible for complying with applicable safety requirements.

Clearly, the contract provided that Bowman, Inc., was to implement certain safety measures in carrying out its restoration project. However, that is not to say that the government assumed affirmative safety duties within the meaning of the *Jones v. Chevron* control test. The contractor is required to comply with safety requirements under the terms of the contract; the United States bargained for such terms and is entitled to performance. As in the *Shields* case, we find that the right to issue a stop order for breach of contractual duties is not an affirmative safety duty. Contractual safety requirements reserving to the United States the right to inspect safety on the job site do not give rise to an affirmative duty to the contractor's employees. *United States v. Page*, 350 F.2d 28, 31 (10th Cir.1965).

The plaintiffs have failed to raise material facts establishing the existence of a legal duty on the part of the United States. Therefore, for the forgoing reasons,

IT IS ORDERED THAT the motion for summary judgment filed by the United States of America should be and is GRANTED.